(No. 3686— ■

CHARLES R. DENGES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 15, 1944.*

*Petition of claimant for rehearing allowed May 9, 1944.*
*Supplemental opinion filed November 13, 9945.*

EMERSON C. WHITNEY and J. D. TEITELBAUM, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, ASSISTANT Attorney General, for respondent.

■

DAMRON, C. J.

This complaint was filed on the 19th day of February, 1942 by claimant seeking an award under the provisions of the Workmen's Compensation Act.

It alleges that claimant was employed by the respondent in the Division of Highways in the capacity of laborer. That on the 23rd day of July, 1941 in the course of his employment for the respondent in repairing the road surface of Grand Avenue, a public road approximately one mile west of Wolf Road, Cook County, the crow bar which claimant was using slipped and the upper

portion of the handle hit the claimant a hard blow on the right nipple of the right part of his chest.

It further alleges that on the date of the accident he notified his employer by reporting the injury at once to William E. Johnson, his foreman, and subsequently on November 11, 1941 he made a written report of his accident and the injury to the State of Illinois by mailing a notice thereof to the Division of Highways.

It alleges that claimant has been unable to work since the 26th day of November, 1941 and has suffered severe and permanent damage and disability as a result of his said injury. That as a direct result of said injury he has incurred medical, surgical and hospital expenses in the sum of $138.00, none of which have been paid by claimant or respondent.

It avers he is suffering with cancer of the breast and that it is necessary for him to take x-ray treatments of the malignant tissue approximately three days in each week and asks an award for permanent and complete disability in accordance with the Workmen's Compensation Act.

The respondent files a motion to dismiss the complaint setting up two reasons therefor:

(1)   No claim for compensation was made within six months after the date of the accident as required by the terms and provisions of Section 24 of the Workmen's Compensation Act.

(2) The claimant's complaint does not show a demand for compensation within six months after the accident.

The record consists of the complaint, original transcript of evidence, abstract of evidence, claimant's statement, brief and argument, report of the Division of Highways, motion of respondent to dismiss, statement,

brief and argument in support of said motion and suggestions of claimant in reply to respondent's motion to dismiss.

The report of the Division of Highways is prima facie evidence under rule 21, if a copy thereof shall have been first duly mailed or delivered by the Attorney General to the claimant or his attorney of record.

This report, a copy of which was delivered to the attorney of record for claimant on the day of the hearing, July 28, 1942, in the office of the Attorney General, 208 South LaSalle Street, Chicago, states that "on or about November 3, 1941, Kendrick Harger, district engineer, Chicago, received a bill from Oak Park hospital, dated October 30, 1941, covering services rendered the claimant. This bill was in the amount of $47.15 and indicated that the claimant had been confined in the hospital from October 24 to 26, 1941 inclusive, and that he had been served in the operating room and had been administered an anesthetic. This was the first notice that the Division had concerning an injury to the claimant."

The evidence of the claimant shows that on the date of said injury he notified his foreman, one William E. Johnson, that he had been struck a blow on the chest that day, but he did not ask for hospitalization or medication. He testified he did not think it was serious. Johnson was not called as a witness.

Referring again to the departmental report, it contains a report of Dr. Louis River, of Oak Park, who operated on claimant. On November 18 at the request of the Division of Highways he supplied it with the following report in reference to his treatment and examination of said claimant:

"Patient's story of accident—claims he struck region of right nipple with crow bar which slipped while working. Patient came on his own responsibility. No evidence of injury noticed when I first examined

him, October 21, 1941. There was a 3 cm. in diameter free hard nodule above and medial to the right nipple. Presumptive diagnosis was carcinoma of the breast. Treatment—simple right mastectomy, October 25, 1941. Uneventful recovery, primary union of the wound. Section shows grade 3 adenocarcinoma. At present receiving deep x-ray therapy from Dr. Jenkinson at the Ravenswood Hospital. Ability to return to work—November 3, 1941. Patient was discharged October 31, 1941. I have no reason to believe this lesion to be the result of occupational trauma."

This report as well as the evidence of the claimant shows that claimant was paid full wages from the date of the alleged injury to the 19th day of November, 1941 when he ceased to be an employee of the Division. These wages amounted to the sum of $280.20. William E. Johnson, the foreman of the gang in which the claimant was employed on the date of the alleged injury, turned in the time for this claimant, which enabled claimant to receive full wages and failed to make any report to the Division of any claim for injury on July 23, 1941, or subsequent thereto.

The report further states "no officer of the Division or of the State of Illinois received a demand from the claimant or his personal representative for compensation until the filing of the complaint in this case."

Section 24 of the Workmen's Compensation Act is jurisdictional. It provides "no proceedings for compensation under this Act shall be maintained unless notice of the accident has been given to the employer as soon as practicable, but not later than thirty days after the accident * * *. Notice of the accident shall give the approximate date and place of the accident, if known, and may be given orally or in writing; provided, no proceeding for compensation under this Act shall be maintained unless claim for compensation has been made within six months after the accident, provided, that in any case, unless application for compensation is filed with the

Industrial Commission (Court of Claims) within one year after the date of the accident, where no compensation has been paid, or within one year after the date of the last payment of compensation, where any has been paid, the right to file such application shall be barred.''

It has been repeatedly held by this court that the giving of notice within thirty days and the making of claim for compensation and filing application therefor within the times fixed by Section 24 of the Workmen's Compensation Act is a condition precedent, without which, the Court of Claims is without jurisdiction to proceed with the hearings. *Crabtree* vs. *State*, 7 C. C. R. 207.

Under the record we must consider the filing of the complaint the first demand made by claimant for compensation. This complaint was filed on February 19, 1942, more than six months subsequent to the date of the alleged injury.

The provisions of Section 24 of the Compensation Act not having been complied with, the motion of the Attorney General to dismiss is therefore sustained for lack of jurisdiction to hear said complaint.

Case dismissed.